UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRADLEY MALWITZ,

        Plaintiff,

      v.                                Case No. 21-cv-0404-bhl

KRISTI ZUBKE, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Bradley Malwitz, who is serving a state prison sentence at the Kettle Moraine Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Dodge Correctional Institution (DCI) and Kettle Moraine Correctional Institution (KMCI). On July 22, 2021, the Court screened the amended complaint and allowed Harper to proceed on First Amendment claims against the Defendants. Dkt. No. 14. The Court found that Malwitz stated a First Amendment claim against Defendant Kristi Zubke based on the allegations that she permanently and arbitrarily denied visitation with his wife at DCI between September 2020 and March 2021. The Court also found that he stated a First Amendment claim against Defendant Jon Noble based on the allegations that he permanently and arbitrarily denied visitation with his wife at KMCI after June 2021.

On November 1, 2021, Zubke filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 20. She asserted that Malwitz never filed an inmate complaint about her having denied him a visitor at DCI and, therefore, he had failed to exhaust his administrative remedies on

the claims against her. Dkt. No. 21. Based on the record, the Court will grant Zubke's summary judgment motion and dismiss the claims against her.

## BACKGROUND

Zubke is the warden of DCI. Malwitz was housed at DCI from October 2, 2020 to March 11, 2021. Dkt. No. 22 at ¶1. Malwitz alleges that Zubke permanently and arbitrarily denied visitation with his wife at DCI between September 2020 and March 2021. *Id.* at ¶6. The Inmate Complaint Review System (ICRS) records show that Malwitz never filed an inmate complaint against Zubke that address the allegation that she denied him a visitor while he was at DCI. *Id.* at ¶9.

Malwitz states that on October 27, 2020, he filled out an inmate complaint regarding Zubke denying him visitation and put it in his cell door for pickup. Dkt. No. 30 at ¶¶6–7. Malwitz claims that a guard came by that same day and picked up the inmate complaint. *Id.* at ¶8. However, Malwitz never received confirmation that the Inmate Complaint Examiners (ICE) received his inmate complaint. *Id.* at ¶9. Malwitz has not stated or provided evidence that he followed up with ICE regarding his complaint. *See id.*

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*,

2

612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Malwitz was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Wisconsin inmates may use the inmate complaint review system to raise issues they have with staff actions. Wis. Admin. Code §DOC 310.06(1). Each inmate complaint "may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." *Id.* at §DOC 310.07(5)-(6). The Code is not specific about what information will be considered "sufficient" for the department to investigate a complaint. But the Seventh Circuit has explained that "[w]hen the applicable regulations provide little guidance regarding the required contents of a prisoner administrative complaint, . . . an inmate's

complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citations omitted). Thus, "a prisoner satisfies the exhaustion requirement when he gives a prison 'notice of, and opportunity to correct, a problem.'" *Id.* (citations omitted).

It is undisputed that the ICRS records show that Malwitz never filed an inmate complaint against Zubke regarding the allegation that she denied him a visitor while he was at DCI. However, Malwitz states that on October 27, 2021, he submitted an inmate complaint against Zubke which was picked up by a guard to be filed—but he never received a response to his complaint. Malwitz does not provide a copy of the inmate complaint that he allegedly submitted. Further, Malwitz does not claim that he followed up with the ICE regarding his complaint. Instead, Malwitz argues that it is not his "duty as an inmate to make sure his inmate complaint" was filed properly. Dkt. No. 28 at 1. He insists that having allegedly placed is complaint in his cell door for pickup, he has done all that is required of him to exhaust his administrative remedies. *Id*. at 1-2.

The Seventh Circuit addressed similar facts in *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019). In *Lockett*, the ICE claimed that the facility had no record of Lockett filing an appeal of the dismissal of his inmate complaint. In contrast, Lockett claimed that he had filed an appeal, but did not receive a receipt acknowledging his appeal. *Id.* at 1025-26. The Seventh Circuit explained that Wisconsin has a system that requires a prisoner receive a receipt after filing a complaint, and that the "receipt plays a very significant role in the complaint process" and the plaintiff's "ability to preserve his right to initiate litigation in the district court." *Id.* at 1026. Reading the regulations in their totality, the Seventh Circuit concluded that Lockett "was obliged to regard the absence of receipt as a red flag [and that] he should have undertaken, through the complaint procedure, an inquiry to ascertain why he had not received this important document." *Id.* at 1027. The Seventh

4

Circuit held that, "Having failed to make that inquiry, he may not now counter evidence that the prison did not receive his administrative appeal with a bald assertion of a timely filing." *Id.*

The Seventh Circuit explained that requiring a prisoner "to employ the complaint system to ascertain the fate of his appeal and the receipt of filing is compatible with the primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury." *Id.* The court emphasized that the burden of proof on the exhaustion issue is on the defendants. *Id.* But once the defendants offered evidence that there was no record of an appeal having been filed, the burden shifted to Lockett "to demonstrate that there was a genuine issue of triable fact with respect to that defense." *Id.*

The Seventh Circuit noted that, while Lockett's affidavit was relevant and probative to the issue of whether he had filed his appeal or received a receipt, it was "insufficient to establish that he ever exhausted the opportunity to resolve the matter within the prison system by making a reasonable inquiry into the reason for the absence of a receipt." *Id.* at 1027–28. As the court observed, "In Wisconsin, the regulations clearly gave him the opportunity to do so, but there is no evidence that he availed himself of this tool." *Id.* at 1028.

In this case, when Malwitz allegedly submitted his inmate complaint, within 10 days he should have received written notice that the complaint was received or a return of the complaint. Wis. Admin. Code § DOC 310.10(4), (5). When Malwitz received nothing, that should have been a "red flag" that something was wrong. *See Lockett*, 937 F.3d at 1027; *Pickens v. Schmidt*, No. 19-CV-741, 2020 WL 4530717, at *2 (E.D. Wis. Aug. 6, 2020). In Wisconsin, inmates have opportunities to address issues they encounter during the inmate complaint process. Wis. Admin. Code §§ DOC 310.04(1), 310.06. They can file an information request with the inmate complaint examiner, or they can file a grievance to complain about interference with their efforts to file an

inmate complaint. Malwitz has not presented any evidence that he used such procedures to inquire as to why he had not received a notice that the ICE received his complaint or a return of his complaint. Thus, under *Lockett*, Malwitz cannot create a disputed fact when he has provided no evidence that he made a reasonable inquiry into the reason he had not received notice that ICE received his complaint.

In sum, the record shows that Malwitz never filed an inmate complaint against Zubke regarding his allegation that she denied visitation with his wife at DCI between September 2020 and March 2021. Accordingly, the Court finds that Malwitz failed to exhaust the administrative remedies on his claim against Zubke. Therefore, the Court will grant Zubke's motion for partial summary judgment and will dismiss the First Amendment claims against her.

## CONCLUSION

For these reasons, Zubke's motion for partial summary judgment on exhaustion grounds (Dkt. No. 20) is **GRANTED**, and the First Amendment claim against Zubke is **DISMISSED without prejudice** based on Malwitz's failure to exhaust the available administrative remedies.

Dated at Milwaukee, Wisconsin on March 1, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge